UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

BLUE HORIZON INNOVATIONS LLC, a
Florida Limited Liability Company, and
DAVID L. FRANK, an individual,

    Plaintiffs,

v.                                        Case No. _____

NEXTGEN FINANCIAL LLC, a New Jersey
Limited Liability Company, and R. DANIEL
GENTLES, an individual,

    Defendants.
_____/

## Complaint

### Substance of the Action

1. This is an action for a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and Sections 2201 and 2202 of the Judiciary and Judicial Procedure Codes to determine an actual, ripe controversy between the parties regarding membership interests in Plaintiff Blue Horizon Innovations LLC ("BHI").

### Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events establishing the claims occurred here.

4. Venue is also proper in this district as the parties agreed in writing to be governed and bound by the laws of the State of Florida.

5. Defendants are subject to this Court's in rem jurisdiction as this case brings a

declaratory relief claim in a suit in rem, i.e., a quasi in rem proceeding. Defendants' statements and legal claims in their written correspondence to Plaintiff as well as publicly and to third parties are false or, at the least, negligent, and regarding the ownership of membership interests in a closely-held company in Florida. In short, this case is regarding ownership interests in a Florida company with its principal places of business in Florida (the "Membership Interests"). The "Membership Interests" are within this Court's jurisdiction.

6. Moreover, Defendants are subject to this Court's specific personal jurisdiction under Florida's long-arm statute, section § 48.193 of the Florida statutes, for Defendants' conduct has damaged Plaintiffs in Florida. Defendants' statements and assertions have negatively impacted Plaintiffs' respective title, right, and interests in the subject company, and have caused Plaintiffs, in the collective sense, to incur damages in responding and defending against Defendants' false and negligent statements and purported claims, as well as damage to Plaintiffs' goodwill. Defendants have operated, conducted, engaged in, or carried on a business or business venture in Florida, and have caused injury to Plaintiffs in Florida arising out of an act or omission by Defendants outside Florida while they were engaged in solicitation or service activities within Florida.

7. Defendants' actions intentionally reached Florida. They acted in a manner calculated to secure ownership interests in a Florida company or otherwise challenging the ownership rights of Plaintiffs. It was imminently foreseeable that Defendants could be haled into a Florida court for asserting competing claims of ownership in the subject company.

**Parties**

8. Plaintiff BHI is a Florida limited liability company that maintains its principal place of business and carries out its core executive and administrative functions in Broward County,

Florida.

9. David L. Frank ("Mr. Frank") is the president and a founding member of BHI and is an individual, over the age of majority, who resides in Florida (together BHI and Mr. Frank are referred to as "Plaintiffs").

10. Upon information and belief, Defendant NextGen Financial LLC, ("NextGen") is a New Jersey Limited Liability company that maintains its principal place of business in New Jersey.

11. Defendant R. Daniel Gentles ("Mr. Gentles") is an individual, over the age of majority, who resides in New Jersey and is otherwise sui juris (together NextGen and Mr. Gentles are referred to as "Defendants"). Mr. Gentles purports to be the President of NextGen.

**Facts Common to all Claims for Relief**

12. BHI has a successful and lucrative corporate structure and operation. It is engaged in the research and development of Dielectric Energy Storage Technology and the Dense Energy Ultra-Cell, which are used in connections with electric vehicles, wind and solar power, energy storage, commercial and residential building back up, smart devices, and other products or services. BHI has been awarded numerous USPTO patents and international patents for its Dielectric Energy Storage Technology and the Dense Energy Ultra-Cell.

13. Mr. Frank is the president and sole Board Member owning seventy-six (76%) of the membership interest in BHI.

14. On or about May 23, 2015, BHI offered NextGen a Consulting Agreement, under which Next Gen would serve as an outside "technical consultant to the Company for an initial period of one year ***ending on December 31, 2016,*** or extended based on a written agreement by both parties." Consulting Agreement at introductory paragraph; emphasis added. A true and

correct copy of the Consulting Agreement is attached as **Exhibit 1.**

15. On or about May 23, 2015, NextGen, through its principal, Mr. Gentles, accepted the offer in writing. A true and correct copy of the Email of Acceptance is attached as **Exhibit 2.**

16. Importantly, the Consulting Agreement further stated that "[s]hould the Consultant not introduce an acquisition candidate and not complete an acquisition of the Company before December 31, 2016. the Membership Units provided under this Agreement are declared null and void." **Exhibit 1** at introductory paragraph.

17. Paragraph 3 of the Consulting Agreement, provided that Consultant would receive 100,000 Membership Units in BHI as conditional compensation, but (1) expressly limited the provision of such Membership Units to only be valid "should Consultant introduce and complete an acquisition of the Company before December 31, 2016," and (2) reiterated that the Membership Units "are declared void" if there is no completed acquisition of BHI by December 31, 2016.

> ***Consultant shall receive 100,000 Membership Units of BHI stock, up front, that will serve as payment of services should Consultant introduce and complete an acquisition of the Company before December 31, 2016. The 100,000 Membership Units are declared void if the Consultant does not complete an acquisition of the Company by December 31, 2016. These Membership Units are founders shares and the voting rights associated with these shares are not granted to the Consultant and are retained by the Founder.*** (Consulting Agreement, ¶ 3, **Exhibit 1** (emphasis in original)).

18. BHI, NextGen was hired as an independent contractor of BHI under the limitations of the Consulting Agreement.

19. Pursuant to the Consulting Agreement, NextGen was tasked with introducing qualified strategic investors for acquisition of BHI and introducing large-scale strategic customers for sales of company products.

20. NextGen was never an employee of BHI.

21. Mr. Gentles in his individual capacity was never an employee, or independent

contractor of BHI. Mr. Gentles is a representative of NextGen and purports to be the President of NextGen.

22. On or about June 1, 2015, pursuant to the terms of the Consulting Agreement, a membership certificate for 100,000 Membership Units was issued in the name of Mr. Gentles upon Mr. Gentles' and NextGen's request (the "Membership Certificate"). **Exhibit 3** hereto is a copy of the Membership Certificate provided to Defendants (except after December 31, 2016, writing has been added to state that it became void on January 1, 2017, consistent with the Consulting Agreement)**.** The Membership Units referenced in the Membership Certificate were "Founders Shares" that were transferred from Plaintiff David Frank to Mr. Gentles.

23. NextGen did not at any point successfully introduce a buyer that completed an acquisition of BHI.

24. On October 10, 2016, Plaintiffs sent Defendants a letter again declaring that, pursuant to the Consulting Agreement, "[o]n January 1, 2017 the 100,000 BHI Membership Units certificate will become void should the Consultant not provide a viable candidate and complete an acquisition of the Company or Technology by December 31, 2016." A true and correct copy of this letter is attached hereto as **Exhibit 4**.

25. On December 31, 2016, pursuant to its terms, the Consulting Agreement ended.

26. The Consulting Agreement was never renewed or extended in any regard, let alone in a written agreement as would be required for any renewal or extension to be valid. The parties did not execute any subsequent agreements or exchange any writings referencing an extension of the Consulting Agreement.

27. Because the Consulting Agreement ended and no acquisition occurred, pursuant to the terms of the Consulting Agreement, the Membership Certificate, and the transfer of

Membership Units it referenced became void. As such, the 100,000 Membership Units referenced in the Membership Certificate belong to Mr. Frank, and not Mr. Gentiles or NextGen.

28. Plaintiffs maintain that neither Mr. Gentles nor NextGen is an owner(s) of BHI or owns any Membership Units or interest in BHI.

29. Defendants have on many occasions contacted staff and members of BHI and Mr. Frank, in Florida, and alleged a false claim of membership or ownership in BHI.

30. Upon information and belief, Defendants have also made false statements of membership or ownership in BHI to other third parties, including potential investors in BHI.

31. As a result of Defendants' intentional or negligent false claims of ownership, Plaintiffs have been damaged in having to respond, and defend against the claims and statements, including the cost of legal counsel relating to same, and upon information and belief, are at significant risk of losing potential investors.

32. The membership interest at issue is extremely valuable and is believed to have a value in excess of $30,000,000. Plaintiffs have otherwise been damaged.

33. All conditions precedent to bringing the instant action have occurred, been performed, and/or have otherwise been excused, satisfied or waived.

**Count 1 – For Declaratory Judgment that the Consulting Agreement Expired, the Membership Certificate and Founding Shares Transfer are Void, and Defendants Have No Ownership or Membership in BHI**

34. Plaintiffs adopt and incorporate ¶¶ 1-33 *in haec verba*.

35. Defendants never performed the services required for either Defendants to receive 100,000 Membership Units of BHI pursuant to the Consulting Agreement. Specifically, Defendants never introduced a buyer who completed an acquisition of BHI.

36. The Consulting Agreement expired on December 31, 2016.

37. Without an extension or amendment to the Consulting Agreement, the Consulting Agreement is no longer binding and of no further effect on the Parties.

38. Because Defendants had not performed the conditions required for NextGen (or Mr. Gentles) to receive 100,000 Membership Units of BHI, under the Consulting Agreement, the Membership Certificate became void, pursuant to Consulting Agreement.

39. There is a bona fide, actual, present practical need for the declaration that (1) the Consulting Agreement expired on December 31, 2016, and is of no effect upon Plaintiffs or Defendants, (2) the Membership Certificate and Founding Shares transfer referenced therein in the name of Mr. Gentles are void, and (3) Defendants have no ownership or membership in BHI.

40. The declaration deals with a present controversy as to a state of facts as Defendants contend to have rights to an ownership or membership interest in BHI pursuant to the Consulting Agreement and the Membership Certificate.

41. Plaintiffs' rights to their interest and control of BHI's membership interest depends upon these facts.

42. Defendants have asserted an actual, present, adverse and antagonistic interest in the subject matter (i.e., the BHI ownership or membership interest).

43. These antagonistic and adverse interests are all before the Court by proper process. Moreover, this claim is in the nature of a quasi in rem proceeding, as it regards to ownership of a company with its principal place of business in Florida and which is organized under Florida law. Plaintiffs are in Florida, and their respective rights and title are affected here in Florida by Defendants' statements and actions.

44. Plaintiffs' relief sought is not merely giving of legal advice by the Court or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiffs requests this Court enter judgment:

A. Declaring that the Consulting Agreement expired on December 31, 2016, and is of no further effect to either NexGen or BHI, and BHI has no obligation to either NexGen or Mr. Gentles under the Consulting Agreement;

B. Declaring that the Membership Certificate and Founding Shares transfer referenced therein in the name of Mr. Gentles are void and of no validity, including with regard to Defendants claim of interest in BHI;

C. Declaring that Defendants have no ownership or membership interest in BHI;

D. Awarding Plaintiffs' costs; and

E. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: June 30, 2021.                                  Respectfully submitted,

*/s/ Anny M. Martin*
Anny M. Martin (F.B.N.1000491)
amartin@pbyalaw.com
Benjamin L. Reiss, Esq. (F.B.N. 985643)
breiss@pbyalaw.com
PERLMAN, BAJANDAS,
YEVOLI & ALBRIGHT, P.L.
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
eservicemia@pbyalaw.com
*Attorneys for Plaintiffs*